UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NATIONAL LABOR RELATIONS BOARD,

                       Petitioner,

v.                                             **DECISION AND ORDER**
                                                    07-MC-75S

TOWNE GARDENS, LLC,

                       Respondent.

## I. INTRODUCTION

Presently before this Court is Petitioner National Labor Relations Board's ("the Board") motion to enforce subpoenas it issued in the course of its investigation into the labor practices of Respondent Towne Gardens, LLC.[1]  For the reasons that follow, the Board's motion is granted.

## II. FACTS

On or about January 30, 2007, Towne Gardens purchased an apartment complex in a HUD foreclosure action. (Florans Aff. at ¶ 2).  The deed was a "free and clear" purchase, and Towne Gardens received a Referee's deed. Id.  Following the purchase, a company called Harmony Security and Maintenance ("Harmony") hired employees of the defaulted company as independent contractors. Id. at ¶ 3.

The relationship between Harmony and Towne Gardens is not explained in the record.  But in early March 2007, Towne Gardens received a letter from SEIU Local 200

---

[1] In support of its Application to Enforce the Subpoenas (Docket No. 1), the Board submitted a Memorandum of Law, with exhibits, and the November 15, 2007 Affidavit of Lillian Kleingardner, Esq. In response, Towne Gardens submitted a Memorandum of Law in Opposition, the Affidavit of Moshe Florans, and the Affidavit of Alexander Tovitz, Esq. In reply, the Board submitted a Reply Memorandum of Law and the January 11, 2007 Affidavit of Lillian Kleingardner, Esq.

("the Union"), the union that represented the Harmony employees when they worked for the defaulting company, alleging that Towne Gardens was the legal successor of the defaulting company's contractual relationship with the Union.

On August 6, 2007, the Union filed an unfair labor practices charge with the Board, alleging violations of Sections 8(a)(1) and (5) of the National Labor Relations Act (NLRB Case 3-CA-26400). (Docket No. 5-1, Exhibit 1). On September 24, 2007, the Union filed an amended unfair labor practices charge, alleging violations of Section 8(a)(1), (3), and (5) of the Act. (Docket No. 5-2, Exhibit 2). The Union alleges that Towne Gardens fired employees Henry Donaldson, Lorenzo Ashe, Mark Ward, and Joseph Washington because of their membership and activity in the Union. Id. It additionally alleges that Towne Gardens illegally failed to recognize the Union as a collective bargaining representative of the employees, and improperly required maintenance employees to sign independent contractor agreements that changed their terms of employment without giving notice or bargaining opportunity to the Union. Id.

On September 4, 2007, a Board agent telephoned David Jasinki (Towne Gardens' attorney at the time) to request a meeting with Steve Kaufman and other witnesses who might have information on the termination of the employees and Towne Gardens' refusal to bargain with the Union. (Petitioner's Application, ¶ 4). This telephone call was followed with a letter on the same date. (Docket No. 5-3, Exhibit 3). Towne Gardens failed to provide the requested information and witnesses. The Board therefore issued subpoenas duces tecum and subpoenas ad testificandum for Moshe Florans and Steve Kaufman on September 28, 2007. (Docket Nos. 5-4 through 5-7, Exhibits 4a, 4b, 5a, & 5b).

The Board issued the subpoenas "to establish exact dates of ownership of Towne Gardens, LTD, Towne Gardens LLC, and Harmony Service and Maintenance LLC, so as to determine joint employer status, successorship status, and the employment of individuals working for each." Id. Neither Florans nor Kaufman responded to the subpoena, and the Board now seeks an order from this Court compelling their compliance.

### III.  DISCUSSION

**A.  Standard**

District courts may "undertake only an extremely limited inquiry" when determining whether an administrative subpoena is to be enforced. N.L.R.B. v. Frederick Cowan & Co, Inc., 522 F.2d 26, 38 (2d Cir. 1975) (noting that "duly issued subpoenas are to be enforced if the agency is seeking information "not plainly incompetent or irrelevant to any lawful purpose") (internal citations omitted).  The court must enforce a subpoena issued by the National Labor Relations Board when the following elements are met: (1) Congress has given the National Labor Relations Board the authority to investigate, (2) procedural requirements have been followed, (3) the subpoenaed evidence is relevant to the investigation, and (4) the subpoenaed party has not shown that the subpoena is unreasonable because it is overbroad or unduly burdensome. Nat'l Labor Relations Bd. v. The Bakersfield Californian, 128 F.3d 1339, 1341 (9th Cir. 1997); see also Frederick Cowan & Co., Inc., 522 F.2d at 28 (emphasizing that the primary requirement for enforcement is that the evidence or testimony relate to a matter under investigation or in question).

In the Second Circuit, enforcement of an administrative subpoena can be avoided if the party can demonstrate that the subpoena was issued in bad faith, for example, to harass or pressure the subject of an investigation, or any other "improper purpose." S.E.C. v. Brigadoon Scotch Distrib., 480 F.2d 1047, 1056 (2d Cir. 1973). However, the opposing party's burden "is not easily met" when the agency is authorized by law and the information sought is relevant to the inquiry. Id.

The Board's investigative power is derived from Section 11 of the National Labor Relations Act. 29 U.S.C. §161. The power is a broad one, and includes the right to subpoena any evidence that "relates to any matter under investigation or in question," provided that the subpoena is pursued in good faith. 29 U.S.C. §161(1); United States v. Morton Salt Co., 338 U.S. 632, 70 S. Ct. 357, 94 L. Ed. 401 (1950).

**B.    Analysis**

Towne Gardens does not dispute the Board's authority to issue the subpoenas, nor does it argue that the subpoenas are procedurally defective. Rather, at issue is (1) whether the information subpoenaed is relevant to the investigation at hand, and (2) whether the Board issued the subpoenas in bad faith or unreasonably.

The Board argues that the subpoenaed documents and testimony are relevant to its investigation into whether Towne Gardens violated the Act as alleged in the first amended charge. If it is determined that Towne Gardens is a joint employer with Harmony, and a Burns successor to the property, Towne Gardens could be held jointly and severally liable for the alleged violations of the National Labor Relations Act. An entity is a Burns successor when: (1) a majority of the purchaser's employees were employed by the

predecessor, and (2) there is "substantial continuity" in the operations of the predecessor employer. <u>NLRB v. Burns Int'l Sec. Servs., Inc.</u>, 406 U.S. 272, 92 S. Ct. 1571, 32 L. Ed. 2d. 61 (1972).  The Board contends that the information sought would further its investigation into the charges brought by the Union.  The Board further notes that Towne Gardens has ignored all attempts to obtain voluntary compliance, and has failed to file a petition to revoke the subpoenas.

Towne Gardens first argues that the Board initiated this proceeding in bad faith. It contends that because the Board's investigation revealed that Towne Gardens acquired the property in a HUD foreclosure action, and that the prior employees entered into a contract relationship with Harmony, Towne Gardens' legal obligation to recognize the Union has been severed. Without a legal obligation to bargain with the Union, Towne Gardens contends that the original charges should have been dismissed, and the Board's continued investigation is unreasonable and constitutes harassment and bad faith.

Towne Gardens further argues that the Board's investigation is improper because it is contacting members of the Towne Gardens' management directly, and asking them questions about the investigation.  Such contact, it alleges, is in direct violation of the Board's Casehandling Manual, and is intimidating and deceitful. Towne Gardens maintains that enforcing the subpoenas would effectively condone this behavior.

The subpoenas in question seek testimony and documents "so as to determine joint employer status, successorship status, and the employment of individuals working for each," and to establish the exact dates of ownership.  In this Court's view, this information is relevant to the Board's investigation of Towne Gardens' labor practices because it relates to whether Towne Gardens is a <u>Burns</u> successor.  That is, the subpoenaed

evidence is directly relevant to the investigation.  See Bakersfield Californian, 128 F.3d at 1341.

Towne Gardens' argument that the Board is pursuing these subpoenas in bad faith is unpersuasive because it is based on Towne Gardens' belief that the underlying charges are without merit.  But the merit of the investigation is not at issue here.  It may be that the Board ultimately determines that Towne Gardens has not violated the Act.  This possibility, however, does not prevent the Board from conducting its investigation in the first instance.  Because the subpoenas fall within the Board's investigative authority and are directly relevant to the Board's investigation, they are enforceable.  Towne Gardens has failed to demonstrate that the subpoenas were issued in bad faith, are overly broad, are unduly burdensome, or are otherwise unreasonable.  Brigadoon Scotch, 480 F.2d at 1056.  Accordingly, the Board's request for an Order Requiring Obedience to Subpoenas Ad Testificandum and Subpoena Duces Tecum is granted.

### IV.  CONCLUSION

For the reasons stated above, the Board's Application for an Order Requiring Obedience to the Subpoenas Ad Testificandum and Subpoenas Duces Tecum is granted.

### V.  ORDERS

IT HEREBY IS ORDERED, that the National Labor Relations Board's Motion for an Order Requiring Obedience to the Subpoenas Testificandum and Subpoenas Duces Tecum (Docket No. 1) is GRANTED.

FURTHER, that Towne Gardens shall comply with the subpoenas by August 29, 2008, or any date thereafter set by the Board.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: July 30, 2008
       Buffalo, New York

                                            /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            United States District Judge